UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

CITY OF MINNEAPOLIS

    *Plaintiff,*

vs.

REDFLEX TRAFFIC SYSTEMS, INC.,

    *Defendant.*

**ANSWER AND COUNTERCLAIM**

**Jury Trial Demanded**

CIVIL ACTION NO. 10-CV-03312 ADM/SRN

---

Defendant Redflex Traffic Systems, Inc. ("Redflex"), for its Answer to the Complaint of the City of Minneapolis ("City") and for its Counterclaim, states as follows:

1. All allegations of the Complaint not specifically admitted are denied.

2. Redflex admits the allegations of Paragraphs 1 and 2.

3. With respect to Paragraphs 3 and 4, Redflex admits that the City enacted Minneapolis, Minn., Code art. 1, § 474.620-670 (2004) ("the Ordinance") and that the Ordinance provided for photo-enforcement of red-light violations, but denies that Paragraphs 3 and 4 are complete and accurate descriptions of the Ordinance, and avers that the Ordinance speaks for itself.

4. With respect to Paragraph 5, Redflex admits that it submitted a proposal to the City and that the City selected the proposal, but lacks sufficient knowledge to admit or deny the remainder of Paragraph 5.

5. With respect to Paragraph 6, Redflex admits that it entered into a contract with the City on March 14, 2005 to provide the photo-enforcement program ("Contract"), but denies that

1

Paragraph 6 is a complete or accurate description of the Contract and that it was the sole drafter of the Contract, and avers that the Contract speaks for itself.

6. With respect to Paragraph 7, the first sentence is unintelligible, and Redflex therefore denies it. Redflex admits the remainder of the Paragraph.

7. Redflex admits the allegations of Paragraphs 8 and 9.

8. With respect to Paragraph 10, Redflex admits that it agreed to use reasonable commercial efforts to install the system, but denies the remainder of the Paragraph.

9. With respect to Paragraph 11, Redflex admits that it entered into Provisions 1.9, 1.10, and 1.11 of Exhibit B, but denies that Paragraph 11 contains a complete description of those provisions and avers that the Contract speaks for itself.

10. With respect to Paragraph 12, Redflex admits that it was obligated to complete the installation at its expense, but denies the remainder of the Paragraph.

11. Redflex admits the allegations of Paragraphs 13 and 14, but denies that they contain a complete recitation of the terms of Provision 8.1 of the Contract.

12. Redflex admits the allegation of Paragraph 15, but denies that it contains a complete recitation of the terms of Provision 6.1 of the Contract.

13. Redflex admits the allegation of Paragraph 16, but denies that it contains a complete recitation of the terms of Provision 6.2.3 of the Contract.

14. Redflex denies the allegation of Paragraph 17.

15. With respect to Paragraph 18, Redflex admits that it entered into a contract with Network Electric in April 2005 for installation of equipment necessary for the photo-enforcement program, but denies the remainder of the Paragraph.

16. With respect to Paragraph 19, Redflex admits that the Contract required it to pay for the cost of installing its equipment in the City, but denies that it had payment obligations beyond those set forth in the Contract.

17. Redflex admits the allegations of Paragraphs 20, 21, and 22.

18. With respect to Paragraph 23, Redflex admits the first two sentences of the Paragraph, but denies the last sentence of the Paragraph.

19. Redflex admits the allegations of Paragraphs 24 and 25.

20. With respect to Paragraph 26, Redflex admits that it commenced the interpleader action, that it deposited $103,997 with the United States District Court for the District of Minnesota, that it brought the interpleader action against the defendants identified, and that it was concerned that there were other unpaid subcontractors on the Minneapolis installation, but denies the remainder of the Paragraph.

21. Redflex admits the allegations of Paragraphs 27 and 28.

22. Redflex denies the allegation of Paragraph 29.

23. Redflex admits the allegations of Paragraph 30.

24. Redflex denies the allegation of Paragraph 31.

25. Redflex lacks sufficient information to admit or deny the allegations of Paragraph 32 and therefore denies the same.

26. With respect to Paragraph 33, Redflex admits that it had actual notice of a lawsuit brought by *Shapira* in Hennepin County District Court, but denies having actual notice of any such lawsuit in United States District Court.

27. With respect to Paragraph 34, Redflex lacks sufficient knowledge to admit or deny whether, and for what reasons, the *Shapira* lawsuit was stayed, and if so, when the stay was lifted, and therefore denies the same. Redflex admits the remainder of the Paragraph.

28. Redflex lacks sufficient knowledge to admit or deny the allegations of Paragraphs 35, 36, and 37, and therefore denies the same.

29. With respect to Paragraph 39, Redflex admits that the City entered into a turn-key service contract with it, but denies the remainder of the Paragraph.

30. Redflex denies the allegations of Paragraph 40.

31. Redflex admits the allegations of Paragraph 41.

32. Redflex denies the allegations of Paragraphs 42, 43, 44, and 45.

33. With respect to Paragraph 47, Redflex admits that under the Contract the installation work had to be performed in compliance with all applicable local, state and federal laws and regulations, but denies the remainder of the Paragraph.

34. Redflex denies the allegations of Paragraphs 48, 49, 50, and 51.

35. With respect to Paragraph 53, Redflex admits that it was required to follow all applicable state laws, but denies the remainder of the Paragraph.

36. Redflex admits the allegation of Paragraph 54.

37. With respect to Paragraph 55, Redflex admits that under the terms of the Contract the City was not responsible for the payment of subcontractors retained by Redflex, but denies the remainder of the Paragraph.

38. With respect to Paragraph 56, Redflex admits that the City made payment to Collins for the amount of the judgment, but denies the remainder of the Paragraph.

39. Redflex denies the allegations of Paragraph 57.

40. With respect to Paragraph 59, Redflex admits that the Contract required it to pay certain installation costs. Redflex lacks sufficient information to admit or deny the City's beliefs concerning the performance of Redflex. Redflex denies the remainder of the Paragraph.

41. Redflex denies the allegations of Paragraphs 60, 61, 62, and 63.

42. With respect to Paragraph 64, Redflex admits that it agreed to an indemnification provision in the Contract, but denies that this Paragraph describes its terms accurately or completely.

43. Redflex admits the allegations of Paragraph 65, but denies that the Paragraph contains a complete recitation of the terms of the indemnification provision.

44. With respect to Paragraph 66, Redflex admits the first sentence, but lacks sufficient information to admit or deny the second sentence and therefore denies it.

45. Redflex admits the allegation of Paragraph 67.

46. Redflex denies the allegations of Paragraph 68.

47. Redflex denies that the City is entitled to any of the relief claimed in the Wherefore section.

### FIRST AFFIRMATIVE DEFENSE

48. The damages of the City, if any, were caused by the unlawful acts of a third-party.

### SECOND AFFIRMATIVE DEFENSE

49. The City failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

50. The damages of the City were caused in whole or in part by its own negligent and unlawful conduct.

## FOURTH AFFIRMATIVE DEFENSE

51. Redflex has paid all sums due on the Minneapolis project and cannot be required to pay twice.

## FIFTH AFFIRMATIVE DEFENSE

52. The claims of the City are barred by the doctrines of laches, estoppel, and waiver.

## SIXTH AFFIRMATIVE DEFENSE

53. The claims of the City are barred in whole or in part by res judicata and collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

54. The claims of the City are barred by its failure to comply with the Indemnification Procedures of the Contract.

## EIGHTH AFFIRMATIVE DEFENSE

55. The claims of the City are barred in part by the statute of limitations.

## COUNTERCLAIM

For its counterclaim against the City for breach of contract, Redflex alleges as follows:

1. In March 2005, the City and Redflex entered into the Contract.

2. Exhibit B to the Contract required the City to "Notify Redflex of any specific requirements relating to the construction and installation of any Intersection Approaches or the implementation of the Redlight Photo Enforcement Program."

3. The City did not notify Redflex that a payment bond was required pursuant to Minn. Stat. § 574.26 for the construction and installation of any intersection approaches or the implementation of the Redlight Photo Enforcement Program.

4. Because the City did not notify Redflex of the payment bond requirement, no payment bond was obtained, and a subcontractor did not get paid for its work on the Minneapolis installation. The subcontractor then sued the City and Redflex for payment, causing Redflex to incur attorneys' fees and costs in defending the subcontractors' claims.

## INJURY AND DAMAGE TO REDFLEX

5. By reason of the City's unlawful conduct described hereinabove, Redflex has sustained loss and damage, including, but not limited to, the following:

    a. It has incurred attorneys' fees and costs in excess of $50,000 in defending the subcontractor's claims; and

    b. It will be required to expend in the future monies for attorneys' fees and costs in litigating this action.

The precise amount of Redflex's damages is at present undetermined, but its damages are believed to be in excess of $50,000. The precise amount will be proved to and found by the trier of fact in this action.

## BREACH OF CONTRACT

6. Redflex repeats and realleges the allegations contained in the foregoing paragraphs of this Counterclaim as if fully set forth herein.

7. The Contract required the City to "Notify Redflex of any specific requirements relating to the construction and installation of any Intersection Approaches or the implementation of the Redlight Photo Enforcement Program." The City committed a material breach of the Contract when it failed to notify Redflex that a payment bond was required pursuant to Minn. Stat. § 574.26 for the construction and installation of the intersection approaches.

8.      As a direct and proximate result of the aforementioned acts and omissions of the City, Redflex is entitled to recover such actual damages as it shows itself to have sustained and the trier of fact shall find, and such other and further relief as may be available under law.

## PRAYER FOR RELIEF

**WHEREFORE**, Redflex respectfully prays:

A.      That the actions of the City complained of herein be determined and adjudged to be in breach of the Contract;

B.      That judgment be entered in favor of Redflex and against the City for its actual damages, pre-judgment interest, and its reasonable attorneys' fees and costs;

C.  That the Court dismiss with prejudice the claims of the City against Redflex and award Redflex its attorneys' fees, costs, and disbursements incurred in defending this action; and

D.      That any other further and appropriate relief available under the law be awarded as this Court finds appropriate.

## JURY DEMAND

Redflex hereby demands trial by jury of all issues properly triable thereby.

Dated:  September 3, 2010                        LAW OFFICE OF DAVID L. SHULMAN


                                                 s/ David L. Shulman_____
                                                 David L. Shulman (#260721)
                                                 Law Office of David L. Shulman PLLC
                                                 1005 W. Franklin Ave., Suite 3
                                                 Minneapolis, MN 55405
                                                 Tel: 612-870-7410
                                                 Fax: 612-870-7462