# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

City of Minneapolis,

        Plaintiff,

vs.

Redflex Traffic Systems, Inc.,

        Defendant

**COURT FILE NO. 10-03312 (ADM/SRN)**

**CITY OF MINNEAPOLIS' ANSWER TO REDFLEX'S COUNTERCLAIM**

City of Minneapolis, for its Answer to Redflex's Counterclaim, states as follows:

Unless specifically admitted or qualified below, the City denies each and every allegation, item, matter and thing in Redflex's Counterclaim.

1.    Admits the allegations in Paragraph 1 of Redflex's Counterclaim.

2.    States that Exhibit B to the Contract speaks for itself; denies Redflex alleges the entire terms and conditions as set forth in Exhibit B.

3.    Admits the allegations in Paragraph 3 of Redflex's Counterclaim.

4.    Denies Redflex failed to obtain a payment bond because the City did not notify Redflex of the payment bond requirement; admits Redflex failed to procure a payment bond; admits a subcontractor did not get paid for its work on the installation of the Redflex photo enforcement system; admits the subcontractor brought suit against Redflex and the City; is without information

sufficient to admit or deny whether Redflex incurred attorney's fees and costs in defending the subcontractor's suit, and therefore denies it.

## INJURIES AND DAMAGES TO REDFLEX

5.     Denies the allegations in Paragraph 5, 5a and 5b, and the paragraph following 5b of Redflex's Counterclaim.

## BREACH OF CONTRACT

6.      The allegations set forth in Paragraph 6 of the Counterclaim are not susceptible to responsive pleading; to the extent that they allege or imply illegal, unlawful, wrongful or negligent conduct on the part of Defendant City, they are denied.

7.     Admits the Contract states the City shall notify Redflex of any specific requirements relating to the construction and installation of any Intersection Approaches or the implementation of the Redlight Photo Enforcement Program; denies the remaining allegations of Paragraph 7 of Redflex's Counterclaim.

8.     Denies the allegations in Paragraph 8 of Redflex's Counterclaim.

## AFFIRMATIVE DEFENSES

1.     The Counterclaim fails to state a claim upon which relief can be granted.

2      The City alleges that it is immune from liability in this Counterclaim under the provisions of Minn. Stat. §466.03, subd. 5, in that Plaintiff's claim is a claim based upon an act or omission of an officer or employee, exercising due care in the execution of a valid or invalid statute, charter, ordinance, resolution or rule.

3.      The City alleges that it is immune from liability in this Counterclaim under the provisions of Minnesota Statute Section 466.03, subd. 6, in that Plaintiff's claim is a claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

4.      The City alleges affirmatively that its employees were government officials performing discretionary functions and acting within the scope of their official duties and acting in objective good faith, with a reasonable basis to belief that actions taken, if any, were lawful and justified, such that they have qualified immunity from any liability in this action.

5.      The City alleges it has immunity in this Counterclaim under the doctrine of official immunity.

6.      The City alleges affirmatively that Redflex's damages, if any, were caused, contributed to, or brought about by Redflex's own negligence and the City is not legally responsible.

8.    The City alleges affirmatively that Redflex's damages, if any, were caused, contributed, or brought about by Redflex's unlawful and illegal acts.

9.    The City alleges that Redflex's damages, if any, were caused by a third-party over which the City has no control.

10.    The City alleges that Redflex has failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

11.    The City specifically denies that Redflex has any right to attorney's fees in this action.

12.    The City alleges affirmatively that liability is limited by Minn. Stat. §466.04.

13.    The City is immune from liability for punitive damages.

14.    Redflex has a complete and adequate remedy for money damages, if any, and therefore Plaintiff is not entitled to injunctive relief.

15.    The claims of Redflex are barred by the doctrines of laches, estoppel and waiver.

16.    The claims of Redflex are barred in whole or in part by res judicata and collateral estoppel.

17.    The claims of Redflex are barred by the statute of limitations.

18.    The claims of Redflex are barred by whole or in part by Exhibit B to the Contract.

**WHEREFORE**, the City prays for an Order of this Court as follows:

a.     Dismissing the Redflex's Counterclaim on its merits and with prejudice.

b.     Awarding the City all its costs and disbursements as allowed by law, including reasonable attorney's fees.

c.     For such other and further relief as this Court deems just and equitable

Dated: 9/21/2010                    SUSAN L. SEGAL
                                    City Attorney
                                    By

                                    S/TRACEY FUSSY
                                    TRACEY N. FUSSY
                                    Assistant City Attorney
                                    Attorney Reg No. 311807
                                    AMANDA TRELSTAD
                                    Assistant City Attorney
                                    Attorney Reg. No. 390665
                                    Attorneys for City of Minneapolis
                                    City Hall, Room 210
                                    350 South 5th Street
                                    Minneapolis, MN  55415